46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Judith REESER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 93-35438.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Jan. 12, 1995.
Decided: Jan. 30, 1995.
 
 Before: PREGERSON and TROTT, Circuit Judges, and FITZGERALD, Senior District Judge.*
 MEMORANDUM**
 * Judith N. Reeser appeals the decision of the District Court affirming the denial of disability benefits for the period January 21, 1989 to December 30, 1990. She argues that substantial evidence does not support the Secretary's final decision, and that the ALJ failed to apply the proper legal standards in adjudicating her claim. We remand on the ground that substantial evidence does not support the Secretary's decision. The ALJ's finding that Reeser was not disabled between January 21, 1989 and December 31, 1990 is not supported by substantial evidence, because the vocational evidence is too inconclusive to carry the Secretary's burden of showing there is other work which exists in significant numbers to warrant a finding of "not disabled."
 II
 Reeser first argues that the ALJ failed to consider Reeser's combined impairments by making findings concerning only her physical residual functional capacity ("PRFC") for the period prior to December 31, 1990.
 Reeser contends that between January 21, 1989, and December 31, 1990, her combined mental and physical impairments precluded her from performing her past relevant work and any alternative work. We are to decide whether the onset date of Reeser's disability is supported by substantial evidence, not whether another date could reasonably have been chosen. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The burden of proof rests on Reeser. Id.
 The ALJ did not explicitly reject a finding of disability prior to December 31, 1990, due to a combination of mental and physical impairments. Nevertheless, the record reveals that the hypothetical posed to the vocational expert with respect to the disputed period of alleged disability included both physical and mental impairments. See AR 132-37, TR 85-90. Accordingly, the ALJ did consider the combination of impairments in concluding that Reeser was not disabled prior to December 31, 1990.
 Reeser next argues that the ALJ failed to explain why he discounted the expert opinions of her treating physicians. Reeser also argues that if the expert opinions are properly credited, she is disabled pursuant to SSR 85-15. To the contrary, the Secretary argues that the ALJ properly discounted the treating physicians' opinions and was therefore not required to accept them for purposes of SSR 85-15. We conclude that the Secretary is correct.
 The medical opinion of a treating physician is entitled to special weight. To disregard the treating physician's opinion, the ALJ must "set forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence." Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989) (citations omitted). We conclude that the ALJ's decision to discount Reeser's treating physicians' opinions meets these requirements.
 First, the ALJ sufficiently explained why he discounted the medical conclusions on which Reeser relies. He discussed Dr. Cross's Mental Residual Functional Capacity ("MRFC") form, and concluded that because the basis for Dr. Cross's conclusions was unclear, and because Dr. Cross is not a psychiatrist, his conclusions were unreliable. ER 10; See AR 532, Ex. 69. The ALJ also discussed Dr. Emily Herbert's observations as reported on a MRFC form, but that form was completed in March, 1991, well beyond the relevant dates. ER 10; See AR 522, Ex. 66.
 Furthermore, the ALJ resolved the conflicting medical evidence regarding Reeser's alleged mental impairments by concluding that only by December 31, 1990 did Dr. Herbert conclusively diagnose Reeser's bipolar disorder. ER 11. Prior to that date, the ALJ determined that even if Reeser was mildly mentally impaired, the medical evidence in the record did not support a finding of sustained mental impairments severe enough to consider her disabled, solely for mental impairments, prior to December, 31 1990. (And, as discussed above, the ALJ considered the combination of physical and mental impairments in deciding that Reeser was not disabled prior to December 31, 1990.)
 Finally, the ALJ explained that he discounted Dr. William's PRFC form, filled out in 1991, because it conflicted with Dr. William's own chart notes for the period in question, and was therefore probably based on what Reeser told him about her condition in 1989. ER 8. Furthermore, it specifically warns on its face that it may not be reliable. AR 539, Ex. 70. The ALJ decided that Dr. Williams's PRFC form was of limited reliability and instead relied on contemporaneous treatment records for the period 1989 to 1991. ER 8.
 Because the ALJ discounted Dr. Cross's entire opinion, the ALJ was also entitled to disregard Dr. Cross's specific opinion that Reeser was disabled pursuant to SSR 85-15. See Fair v. Bowen, 597 F.2d at 605 (holding that an ALJ may disregard an opinion premised on already properly discounted evidence).
 In sum, we conclude that the ALJ sufficiently explained why he discounted the opinion of Reeser's treating physicians.
 Reeser next argues that the Secretary failed to explain why he discounted her pain testimony. Reeser also argues that the ALJ failed to comply with SSR 88-13. The Secretary argues that the ALJ complied with SSR 88-13 in discounting Reeser's pain testimony. We conclude that the Secretary is correct.
 The ALJ evaluated Reeser's testimony regarding her pain in light of the objective medical evidence and SSR 88-13, as required by Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).[1] Substantial evidence in the form of Reeser's own testimony and medical evidence submitted on her behalf in the record supports the ALJ's discounting of Reeser's testimony. See ER 15, Finding No. 8.
 The ALJ went over all of Reeser's medications with her. AR 64-69, TR 17-22. She testified that the only pain medication she takes occasionally for her back pain is ascriptin or motrin. AR 67-68, TR 20-21. Both of these are mild pain relievers. The ALJ also went over Reeser's pain symptoms with her. She testified that "[a]s long as I don't do much, I can tolerate the pain, it's not that bad .... If I don't do much, the pain isn't acute most of the time except when I first get up in morning, then it is." AR 71, TR 24. She said she did some light housework, AR 71-72, TR 24-25. She also said she walks up to a mile a day. AR 75, TR 28. Finally, she testified that her maximum exertional limits included lifting up to 20 pounds two or three times in a day, and that she could bend down enough to grab grocery bags from the trunk of her car. AR 74, TR 27. We conclude that this evidence is sufficient to meet the requisites of Bunnell.
 IV
 The ALJ found that, prior to December 31, 1990, Reeser had the RFC to perform her past relevant work as an insurance salesperson. ER 15, Finding No. 5. We conclude that this finding was not supported by substantial evidence in the record. The vocational expert opined that Reeser could not drive a truck when the ALJ asked the vocational expert to assume, in determining whether Reeser could perform her past relevant work, that Reeser had the MRFC determined by Dr. Moser, the impartial medical expert. With respect to the insurance sales job, however, the vocational expert testified, "And I, I don't believe that I would have enough information to say whether or not she would be able to perform it or not, the job as insurance sales because it is at a skill level, SVP 6." AR 139, TR 92; See Ex. 81 (MRFC form filled out by Dr. Moser at the hearing, intended to cover the period before December, 1990). The record reveals no other evidence taken by the ALJ concerning Reeser's ability to sell insurance prior to December, 1990. Accordingly, the ALJ's finding that Reeser could perform her past relevant work as an insurance salesperson prior to December 31, 1990, is not supported by substantial evidence.
 We conclude, however, that the ALJ's finding that Reeser could not perform her past relevant work as a truck driver was supported by the vocational expert's testimony. This finding meant that Reeser established a prima facie case of disability by showing that her impairments prevented her from doing her former occupation. The burden then shifted to the Secretary to show that Reeser could do other substantial gainful activity considering her RFC, age, education, and work experience. DeLorme v. Sullivan, 924 F.2d 841, 849-50 (9th Cir. 1991). The ALJ properly proceeded to step five of the sequential analysis to determine whether there were other forms of work Reeser could perform during the period January 21, 1989 to December 31, 1990. See ER 15, Finding No. 9.
 Reeser argues that the Secretary did not carry her burden at step five of the sequential analysis and failed to show that other work Reeser could perform existed in the national economy. The ALJ found that during the period in question Reeser could perform the jobs of insurance salesperson, telephone solicitor, routing clerk, self-service station attendant, office clerk and microfilm camera operator. ER 15, Finding Nos. 5, 10. Reeser counters that she cannot perform any of these jobs. The Secretary denies that she failed to carry her burden. We conclude that Reeser is correct, because substantial evidence does not support the Secretary's finding. Accordingly, we remand to ensure that there was enough other work falling under the appropriate classification that Reeser could have done during the relevant period, given that the vocational expert ruled out many positions listed by the ALJ in his decision, and that the vocational expert testified that he did not have enough information one way or another whether Reeser could perform other positions listed by the ALJ.
 The Secretary may base a finding of "not disabled" on the fact that Reeser can perform some alternative work which exists in the national economy only if such a finding is supported by both the medical evidence and the testimony of a vocational expert. See Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 580 (9th Cir. 1988) (Pregerson, J., concurring). While the ALJ's Findings No. 7 and 10 are supported by the medical evidence, it is at best questionable whether they are supported by the vocational evidence.
 The ALJ presented to the vocational expert five hypotheticals of varying PRFCs regarding Reeser's capacity for work prior to December 31, 1990. See AR 133-156, TR 86-109. All of the hypotheticals included Dr. Moser's determination of Reeser's MRFC. AR 133, TR 86. In his decision, the ALJ determined that Reeser had a PRFC of "light work limited by her need to change positions." ER 15, Finding No. 7. This determination appears to correspond to what the ALJ termed assumption numbers four and five. AR 134, TR 87 ("Number four, Dr. Williams in 3/91, .... He said essentially a little bit under light.... In other words, sedentary plus, or light minus. Change, oh, he said change position also. And that was Exhibit 68. And Dr. [Cross] in Exhibit 70, said very similar, that would be Number 5...").
 The vocational expert opined that if Reeser had the MRFC as determined by Dr. Moser at the hearing, and if she had the PRFC as assumed in Exhibits 68 and 70, her past work would be ruled out, but she could still perform the job of telephone solicitor or microfilm camera operator. AR 150-51, TR 103-04. The vocational expert did not consider the routing clerk job, and he ruled out van driver, self-service station attendant and office clerk. AR 150-151, TR 103-04. Further jobs Reeser could perform would be claims processor or "an assembly type job, ... such as a wire worker." AR 151-52, TR 104-05. Even assuming Reeser was not suitable for contact with the general public, as Dr. Moser had opined (AR 131, TR 84), the vocational expert testified that the limitation would rule out only the cashier and self service station attendant jobs. Presumably she could still perform the jobs of telephone solicitor, microfilm camera operator or assembler. See AR 153-54, TR 106-07.
 Accordingly, the vocational expert's testimony established that there was some work that Reeser could perform during the period January 21, 1989 to December 31, 1990. We conclude that the ALJ's findings that Reeser could perform jobs such as routing clerk, self-service station attendant, and office clerk were not supported by substantial evidence. Nevertheless, his finding that Reeser could perform jobs such as telephone solicitor and microfilm camera operator appear initially to be supported by substantial evidence before the ALJ.
 The Appeals Board, however, in denying Reeser review of the ALJ's decision, suggested that the evidence regarding her capacity to perform the job of telephone solicitor was in conflict.[2] ER 17. The Appeals Council did consider the additional evidence (letter from Bruce McLean) submitted by Reeser in denying her review of the ALJ's decision. See AR 620, Ex. AC-2. The Appeals Council noted the conflict between the ALJ's finding that Reeser could perform the job of telephone solicitor and the conclusion of Bruce McLean that she could not do that job, but it nevertheless concluded that the conflict was irrelevant in light of the ALJ's findings concerning other work that Reeser could do apart from the telephone solicitor job. ER 18. The Appeals Board determined that a hearing was unnecessary to resolve the conflict because the ALJ had determined that Reeser could perform her past work as an "insurance agent." The Appeals Board denial further asserted that
 while there is some doubt as to whether you could do the job of telephone solicitor, the record supports a finding that you retain the residual functional capacity to perform not only your past relevant work as an insurance agent but that you can also perform the alternative jobs identified in the hearing decision of routing clerk, self-service station attendant, office clerk and microfilm camera operator.
 ER 18. As discussed above, however, that conclusion (except regarding microfilm camera operator) is not supported by the testimony of the vocational expert.
 While the record is confusing at best in this regard, it appears that the only jobs supported by substantial evidence which the vocational expert named that Reeser could perform are microfilm camera operator and the assembly job. The ALJ did not find that Reeser could perform the assembly job, and it is unclear from the record whether there were enough microfilm camera operator jobs in Oregon and in the national economy to establish that Reeser was not disabled. See Desrosiers, 846 F.2d at 580 (Pregerson, J., concurring) (Secretary must call vocational expert to get testimony about whether claimant can perform enough jobs in the national economy to warrant a finding of "not disabled"). Accordingly, we remand for a determination of whether she could perform the job of telephone solicitor, and if not, whether there were enough microfilm camera operator jobs to deem her not disabled during the period in question.
 V
 Reeser has requested attorney's fees. Ultimately, her attorney may be entitled to attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Sec. 2412 and 42 U.S.C. Sec. 406(b). Because we remand for further proceedings, we also remand the request for attorney's fees to the district court.
 VI
 We reverse and remand the decision of the district court. The final decision of the Secretary that Reeser was not disabled from January 21, 1989 to December 31, 1990 is not supported by substantial evidence in the record. Specifically, the vocational expert testimony is not sufficient to carry the Secretary's burden at step five in the sequential analysis mandated by Social Security Disability Regulations. We remand for a determination of the existence of sufficient other work, because the record is not developed enough for us to make that determination.
 REVERSED AND REMANDED.
 
 
 
 *
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "SSR 88-13 lists a number of factors an adjudicator must consider to determine the credibility of the claimant's allegations of disabling pain. These factors are:
 
 
 [1]
 The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
 
 
 [2]
 Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
 
 
 [3]
 Type, dosage, effectiveness, and adverse side-effects of any pain medication;
 
 
 [4]
 Treatment, other than medication, for relief of pain;
 
 
 [5]
 Functional restrictions; and
 
 
 [6]
 The claimant's daily activities."
 Bunnell, 947 F.2d at 346.
 
 
 [2]
 Relying on out-of-circuit authority, the Secretary argues that new evidence only provided to the Appeals Board but not the ALJ cannot be used to reverse the Secretary's decision. Reeser argues that evidence submitted to the Appeals Council can be used as a basis for finding reversible error. Reeser is correct. Bilbey v. Schweiker, 762 F.2d 716, 718 n.2 (9th Cir. 1985) (evidence that was before the Appeals Council but not the ALJ was properly before the agency, and the Secretary had an opportunity to consider it, therefore the appellate court may consider it in the context of the record as a whole); Delgado v. Heckler, 722 F.2d 570, 573 (9th Cir. 1983) (Appeals Council, and therefore appellate court, can consider evidence submitted after the ALJ makes his decision)